Louis Pereira Coito *vs.* Francisco De Sousa *et al.*

JULY 9, 1937.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity brought in the superior court for the construction of a will and certified by that court to this court in accordance with general laws 1923, Chap. 339, sec. 35.

The complainant is the surviving husband of the late Delvina Pereira Coito, alias Lodovinia Pereira Coito, deceased, of the town of Bristol in the county of Bristol in this state, the testatrix of the will certified to this court for construction of the fourteenth clause thereof. The complainant is a beneficiary under said will and also the executor thereof duly confirmed and qualified by the probate court.

The respondents are Francisco De Sousa, a beneficiary under said will, and Jacinto Tavares Martin, the brother and sole heir at law and next of kin of said testatrix. De Sousa joined with the complainant in his prayer for construction of the will, and Martin failed to appear, a decree *pro confesso* being entered against him.

In order to protect the interests of persons unascertained, if any, though the complainant alleges no knowledge of any such persons, and also to protect the rights of persons not in being, a guardian *ad litem* was appointed by the superior court to protect such interests, on the motion of the complainant. Richard V. Rattigan was appointed such guardian, and appeared and answered the bill, neither admitting nor denying the allegations therein, but moving that complainant be required to prove the same, he joined in the prayer for construction of the will and submitted the

rights of any persons under his care to the protection of the court.

The fourteenth clause of said will certified for construction reads as follows: "To my husband I give and devise for his use during his life my one half interest in the property on Cole Street, in the town of Bristol, State of Rhode Island, he to receive the income only, and upon his death, then my said one half interest is to descend to my adopted son, Francisco de Souza. Should my adopted son, Francisco de Souza, die before my husband, then upon the death of my husband, such one half interest to be equally divided between my heirs or next of kin." This clause is the sole specific devise in the will and the complainant is made the sole residuary devisee.

It appears from the evidence that the testratrix executed her will on July 1, 1921, and at that date had an interest as tenant in common in two parcels of real estate in the town of Bristol, of which she died seized and possessed. One of these parcels is situated wholly on Cole street in said town and the other, as described in the deed, is situated on Collins street, but is bounded also on Cole street, although Cole street is not mentioned in that description. The question has arisen whether both of these parcels are devised by said fourteenth clause, and if only one of them is devised, which one.

We shall refer to this real estate in the manner adopted by the complainant in his brief as the first parcel and the second parcel. The first parcel is situated on Cole street and is bounded and described as follows:

"Those two certain lots of land with all the buildings and improvements thereon, laid out and delineated as lots No. 13 and 14 on a plat of house lots entitled 'Fox Hill Cottage Lots, belonging to the heirs of Nehimiah Cole, Bristol, R. I., by J. A. Latham, July 1896' and bounded as follows: Southerly on Cole Street laid out on said plat on which they measure 100 feet; westerly on lot number 12, laid out on said plat on which it

measures 117 feet; northerly on lots No. 21 and 22, laid out on said plat on which they measure 100 feet; and easterly on Lot No. 15 laid out on said plat on which they measure 117 feet, or however otherwise the same may be bounded, together with the right to use all of the streets laid out on said plat."

The complainant describes this parcel in the third paragraph of his bill.

The second parcel is situated on Collins street but runs back to Cole street and is bounded and described as follows:

"That lot of land with all improvements thereon situated in the Town of Bristol in the State of Rhode Island on Collins Street, two hundred seventy-two (272) feet, more or less easterly from Wood Street, and laid out and delineated as Lot No. 11 (eleven) on that plat entitled 'Collins Plat, Survey and Plan by Charles F. Chase' on record in the Town Clerk's office in the said Town in Plat Book 1 at page 8. According to said plat said lot bounds southerly on said Collins Street on which it measures fifty (50) feet, and holds that width back northerly bounding easterly on Lot 13 (thirteen) on which it measures one hundred thirty-nine and 43/100 (139.43) feet, westerly on Lot No. 9 (nine) one hundred thirty-nine and 48/100 (139.48) feet. Being the same lot conveyed to William L. Taylor by deed from Charles A. Green bearing date October 2nd, 1897 and recorded in said office in Deed book 56, at page 8."

The complainant describes this parcel in the fourth paragraph of his bill.

This second parcel was originally bought by the complainant and a deed thereof taken in his name as sole grantee, but on November 10, 1915, he executed a deed which the parties seem to agree made him and his wife tenants in common of this parcel.

The first parcel, which is wholly on Cole street, was purchased originally by the complainant and his wife as tenants in common and they continued to so hold said parcel down to the date of the decease of the wife. The complainant contends that it is only this parcel which is disposed of under the said fourteenth clause of the will.

We find that is a correct construction of the clause. Our reasons for such a construction may be briefly stated. It appears from the evidence that, when the complainant conveyed an interest in the second parcel situated on Collins street and running back to Cole street, he intended to create a joint tenancy in this real estate in himself and his wife. The scrivener who drew the deed is now deceased, but the language used in the deed clearly substantiates the claim of the complainant that he intended a joint tenancy conveyance.

Further, it does not appear that the testatrix knew that she had a half interest as a tenant in common in this second parcel. She did know that she had such an interest in the first parcel, situated wholly on Cole street. The complainant testified that he was present when his wife made her will and that she said at that time that she wanted to leave her one-half interest in the property, that they called the big house on Cole street, to Francisco de Souza; and he further testified that she later told him that it was her intention to give de Souza her one-half interest in that property. This testimony was corroborated by Hermina Cabral Mello, a first cousin of the testatrix.

It further appears from the evidence that the complainant did not himself know that the deed of the second parcel on Collins street, which he intended as a deed creating a joint tenancy in himself and his wife, was in the opinion of the parties here a deed creating a tenancy in common, until some time after his wife's death. It is reasonable to believe from the language of the will and from the circumstances under which it was written that the testatrix did not know that the deed to the second parcel on Collins street actually

made her a tenant in common with her husband of that real estate. If she did have such knowledge, it does not seem likely that she would have conveyed such interest in property commonly understood to be situated on Collins street by describing it as the property on Cole street.

We have the evidence of the will itself which clearly states that the testatrix devises her interest "in the property on Cole Street." Nowhere in the will is there any mention of property on Collins street, yet in the deed to that real estate it is described as "situated in the Town of Bristol in the State of Rhode Island on Collins Street." In the absence of any evidence tending to show that this real estate was also commonly considered to be on Cole street, it would be unreasonable to conclude that the words "property on Cole Street" included the parcel described in the deed as being situated on Collins street. On the other hand, it is reasonable to conclude that, if the testatrix had knowledge of her interest as a tenant in common in the real estate on Collins street and intended to devise it by the said fourteenth clause, she would have identified it in the same manner she had described her interest on Cole street, especially as the Collins street parcel is separate and distinct from the Cole street parcel and her respective interests in said parcels were derived from different deeds.

If more were needed to convince us of the correctness of this conclusion, we have the oral evidence above discussed. The testimony of the witnesses clearly shows that the testatrix had in mind only the real estate on Cole street on which was situated "the big house". It also appears reasonably clear that the testatrix did not know that she was a tenant in common of the Collins street parcel and therefore could not have intended to devise it by describing it as her interest "in the property on Cole street." While the intrinsic evidence of the will itself together with the description contained in the deeds of the two parcels is sufficient to convince us that the said fourteenth clause conveys only the Cole street parcel, the testimony is helpful in con-

firming the conviction produced by the documentary evidence.

Under all the circumstances, and giving the language used by the testatrix its ordinary meaning, we are of the opinion that the testatrix intended to dispose only of her interest in the parcel of real estate wholly on Cole street under the fourteenth clause of her will, this parcel being the one referred to in the complainant's brief as the first parcel and described in the third paragraph of his bill, and that she did not intend by said clause to dispose of the parcel of real estate described in the fourth paragraph of complainant's bill.

On July 12, 1937, the parties may present a form of decree in accordance with this opinion.

*Emilio D. Iannuccillo,* for complainant.

*Clement E. Lennon,* for respondant.